UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY GENE STOREBY,

v.  Case No. 8:02-cr-65-T-24TBM
8:07-cv-882-T-24TBM

UNITED STATES OF AMERICA.

O R D E R

This cause is before the court on Defendant Terry Gene Storeby's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 signed October 13, 2006. (Doc. cv-1; cr-75).

BACKGROUND

On July 31, 2002, Storeby, pursuant to a written plea agreement (Doc. cr-56), pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). (Doc. cr-58 [Transcript of Change of Plea Hearing]). Prior to his pleading guilty, the Government had filed an Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851. (Doc. cr-26) The Information set out two of Storeby's prior convictions qualifying as "prior felony drug convictions," within the meaning of 21 U.S.C. §§ 851 and 841(b)(1)(A). (Doc cr-26 at pp. 3-4). As a consequence, the penalty for the charge to which Storeby pled guilty was enhanced to the following: (1) a mandatory term of life imprisonment without release; (2) a term of supervised release of at least 10 years; and (3) a fine of up to $8,000,000.

The enhanced penalty was described in the written plea agreement which Storeby signed. (Doc. cr-56 at p. 2). In addition, at the change of plea hearing, Storeby was advised clearly and repeatedly that he was pleading guilty to a life sentence. (Doc. cr-58 at pp. 11-12)

On January 29, 2003, the Court sentenced Storeby to life imprisonment. Judgment was entered that same day. Storeby did not file a direct appeal. However, on October 9, 2003, Storeby signed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence in Case No. 8:03-cv-2398-T-24TBM. Subsequently, on January 22, 2004, Storeby moved to withdraw his motion to vacate in that case, and the Court granted the motion on January 23, 2004. Judgment was entered on January 26, 2004.

Now, Storeby has filed the present motion to vacate which he signed on May 18, 2007, and filed on May 22, 2007. The motion to vacate is untimely.

## DISCUSSION

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. Because Storeby did not file a direct appeal, his conviction became final 10 business days after January 29, 2003, which was February 12, 2003, and Storeby had until February 13, 2004, to file a timely motion to vacate. See *Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Although Storeby filed a timely motion to vacate in 2003, he withdrew that motion, and the present motion to vacate, filed in 2007, is time-barred.

Storeby's "Innocence" Claim in the Present Motion To Vacate

Storeby alleges that he no longer qualifies for the mandatory life sentence because he does not have the prerequisite prior drug felony convictions. Storeby relies on *Lopez v. Gonzales,* 127 S.Ct. 625 (2006). In *Lopez*, the Court held that conduct made a felony under state law but a misdemeanor under the Controlled Substances Act ("CSA") is not a "felony punishable under the Controlled Substances Act." Storeby argues:

> That my possession with intent to purchase a five dollar cocaine rock from an undercover officer, that was less than a quarter gram of cocaine base, that was used to enhance my sentence to life under § 851 is no longer considered a controlled substance offense or even a felony under federal law, but is considered a misdemeanor under the controlled substance act, thus making me actually innocent of this sentencing factor and/or element, causing me to be ineligible for this particular penalty.

(Doc. cv-1 at p. 5).

Storeby alleges that he did not raise this issue on direct appeal because the United States Supreme Court just recently decided *Lopez* which was a case that changed the interpretation of the substantive law by interpreting the statute, and is fully retroactive

3

because "they did not change the law, but rather explained what the law has always meant." (Doc. cv-1 at p. 5)

Storeby's argument is not persuasive because *Lopez* is not retroactively applicable on collateral review. The Supreme Court recently examined the question of retroactivity in *Whorton v. Bockting*, 127 S.Ct. 1173, (2007). The Court noted that "old rules" announced in Supreme Court opinions apply both on direct and collateral review, but that new rules are generally applicable only to cases that are still pending on direct review. 127 S.Ct. at 1180 (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987); *Teague v. Lane*, 489 U.S. 288 (1989)). Storeby's case had clearly become final on direct review at the time *Lopez* was decided in 2006, and therefore was not and is not "still pending on direct review."

A new rule, the *Whorton* Court explained, is one that was not "dictated by precedent existing at the time the defendant's conviction became final." 127 S.Ct. at 1181 (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990) and *Teague* ). In light of the number of reversals and remands of cases that were pending on direct review at the time *Lopez* was decided, this court would be hard pressed to find that *Lopez* did not announce a new rule of law. *See, e.g. U.S. v. Estrada-Mendoza*, 475 F.3d 258, 260 (5th Cir.2007); *U.S. v. Rosenbaum-Alanis*, 2007 WL 926832, *1+ (5th Cir.2007); *Tostado v. Carlson*, 481 F.3d 1012, 2007 WL 957529, *1 + (8th Cir.2007); *U.S. v. Figueroa-Ocampo*, 2007 WL 816298, *1+ (9th Cir.2007); *Ballesteros v. Gonzales*, 2007 WL 926831, *1+ (10th Cir.2007); *Ochoa-Perez v. U.S.*, 127 S.Ct. 1263, 1264 (U.S.2007); *Regalado-Flores v. U.S.*, 127 S.Ct. 1147, 1147 (2007); *Ayala-Flores v. U.S.*, 127 S.Ct. 934, 935 (2007); *Tostado-Tostado v. Carlson*, 127 S.Ct. 936, 936 (2007); *Aurelien v. U.S.*, 127 S.Ct. 829, 829 (2006).

A new rule such as that announced in *Lopez* can be applied in a collateral

proceeding if (1) the rule is substantive or (2) the rule is a " 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton*, 127 S.Ct. at 1180-81 (quoting *Saffle v. Parks*, 494 U.S. at 495) (quoting Teague, at 311).

A rule is substantive, rather than procedural, if it "alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004). *Lopez* is procedural under this standard, and thus it cannot be applied retroactively unless it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Whorton*, 127 S.Ct. at 1181 (quotations omitted). In explaining the concept of "watershed rule," the *Whorton* Court went on to state that:

> This exception is "extremely narrow," *Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). We have observed that it is " 'unlikely' " that any such rules " 'ha[ve] yet to emerge,' " *ibid.* (quoting *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L. Ed.2d 632 (2001); internal quotation marks omitted); *see also O'Dell v. Netherland*, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997); *Graham, supra*, at 478, 506 U.S. 461, 113 S.Ct. 892, 122 L.Ed.2d 260; *Teague, supra*, at 313, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (plurality opinion). And in the years since Teague, we have rejected every claim that a new rule satisfied the requirements for watershed status. *See, e.g., Summerlin, supra* (rejecting retroactivity for *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)); *Beard v. Banks*, 542 U.S. 406, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (rejecting retroactivity for *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988)); *O'Dell, supra* (rejecting retroactivity for *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994)); *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993) (rejecting retroactivity for a new rule relating to jury instructions on homicide); *Sawyer v. Smith*, 497 U.S. 227, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (rejecting retroactivity for *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)).

127 S.Ct. at 1181-1182.

In order to qualify as "watershed," the *Whorton* Court stated that a new rule must

meet two requirements. First, the rule must be necessary to prevent "an impermissibly large risk" of an inaccurate conviction. *Whorton*, 127 S.Ct. at 1182 (citing *Summerlin*, 542 U.S. at 356; *see also Tyler*, 533 U.S. at 665 (quotations omitted). Second, the rule must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id.* (internal quotation marks and emphasis omitted).

Examining these two requirements, it cannot be argued that the new rule of *Lopez* has any effect on the accuracy of a conviction, as it addresses only how prior convictions are to be considered at sentencing, not the guilt or innocence of the defendant. Indeed, the only case that has been identified as qualifying under the watershed exception is *Gideon v. Wainwright*, 372 U.S. 335 (1963). In that case, the Court held that counsel must be appointed for any indigent defendant charged with a felony because when a defendant who wishes to be represented by counsel is denied representation, the risk of an unreliable verdict is intolerably high. 127 S.Ct. at 1182. Thus, the *Lopez* rule, which is much more limited in scope and does not affect the accuracy of the factfinding process at trial, is in no way comparable to the rule set forth in *Gideon. See Whorton*, 127 S.Ct. at 1182.

Likewise it cannot be said that *Lopez* "altered our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Again, the *Whorton* Court looked to the example of *Gideon* in analyzing this issue and said " 'we have not hesitated to hold that less sweeping and fundamental rules' do not qualify." 127 S.Ct. at 1183, (quoting *Beard*, 542 U.S. at 418).

The *Whorton* Court finally went on to note that even though a rule is important, if it is not in the same category as *Gideon*, which effected a profound and sweeping change, and if the rule lacks the "primacy" and "centrality" of the *Gideon* rule, it will not qualify as

one that alters the "bedrock procedural elements essential to the fairness of a proceeding" and hence will not be retroactively applicable on collateral review. 127 S.Ct. at 1184 (citations omitted).

Finally, it must be noted that in *Whorton*, the Court was considering the rule announced in *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* held that testimonial out-of-court statements are generally inadmissible under the Confrontation Clause of the Sixth Amendment, yet the *Whorton* court held that even a new rule guaranteeing this important constitutional right was not an alteration of bedrock criminal procedure.

No such constitutional right is present in Storeby's situation; *Lopez* involved only statutory interpretation, and it in no way approached the primacy or centrality of the *Gideon* rule. Therefore, *Lopez* is not retroactively applicable to cases on collateral review, and Storeby is not entitled to the relief he seeks: "That the Court would vacate my mandatory life sentence and remand my case for resentencing in light of *Lopez v. Gonzalez*, 127 S.Ct. 625, 630-631 (2006) and *Salinas v. United States,* 126 S.Ct. 1675 (2006)."[1]

Accordingly, the Court orders:

That Storeby's motion to vacate (Doc. cv-1; cr-75) is denied, with prejudice, as time-barred.  The Clerk is directed to enter judgment against Storeby in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of

---

[1] *Salinas v. United States,* 547 U.S. 188 (2006), does not apply to Storeby.  The *Salinas* case was decided on a direct review issue, not on collateral attack in a motion to vacate.

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 31, 2007.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Arthur Lee Bentley, III
Pro se: Terry Gene Storeby